David J. Groesbeck
WSBA No. 24749
David J. Groesbeck, P.S.
1716 Sylvester St. SW
Olympia, Washington 98501
Tel.: 509-747-2800
Fax: 509-747-2828
Email: david@groesbecklaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PARLER LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>　　　　　Defendant | No. _____<br><br>**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**NOTE ON MOTION CALENDAR**<br>**January 10, 2021** |

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 1

David J. Groesbeck, P.S.
Attorney and Counselor
1716 Sylvester St. SW
Olympia, Washington 98501
(509) 747-2800

## INTRODUCTION

Plaintiff Parler, LLC moves the Court for a temporary restraining order against Defendant Amazon Web Services, Inc ("AWS"). AWS is threatening to suspend all services to Parler tonight at 11:59 PM PST—and thus shut Parler down completely—with little more than a day's notice. These actions not only breach the parties' contract memorialized in the AWS Customer Agreement (the "Agreement") but worse, threaten Parler with extinction right when the social media company was experiencing explosive growth. The elements are met for Rule 65 relief.

To prevent irreparable harm to the plaintiff, the Court should enter a temporary restraining order enjoining the defendant from suspending Parler's account with AWS or terminating the Agreement. A proposed form of order is submitted to the Court in connection with this motion.

This motion is supported by the memorandum of points and authorities submitted herein; and by the Verified Complaint and exhibits thereto. For the reasons collectively presented to the Court, the motion should be granted.

## RELEVANT FACTS

1. Parler restates and incorporates by reference each of the allegations set forth in the Complaint as if fully set forth herein.

2. Last Month, Defendant Amazon Web Services ("AWS") and the popular social media platform Twitter signed a multi-year deal so that AWS could

PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING
ORDER - 2



**David J. Groesbeck, P.S.**
Attorney and Counselor
1716 Sylvester St. SW
Olympia, Washington 98501
(509) 747-2800

support the daily delivery of millions of tweets. AWS currently provides that same service to Parler, a conservative microblogging alternative and competitor to Twitter. (Compl. ¶ 1.)

3. When Twitter announced two evenings ago that it was permanently banning President Trump from its platform, conservative users began to flee Twitter en masse for Parler. The exodus was so large that the next day, yesterday, Parler became the number one free app downloaded from Apple's App Store. (Compl. ¶ 2.)

4. Yet last evening, AWS announced that it would suspend Parler's account effective Sunday, January 10th, at 11:59 PM PST. And it stated the reason for the suspension was that AWS was not confident Parler could properly police its platform regarding content that encourages or incites violence against others. However, Friday night one of the top trending tweets on Twitter was "Hang Mike Pence." But AWS has no plans nor has it made any threats to suspend Twitter's account. (Compl. ¶ 3.)

5. AWS's decision to suspend Parler's account is apparently motivated by political animus. It is also apparently designed to reduce competition in the microblogging services market to the benefit of Twitter. (Compl. ¶ 4.)

6. Thus, AWS is violating Section 1 of the Sherman Antitrust Act in combination with Twitter. AWS is also breaching its contract with Parler, which

PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING
ORDER - 3



David J. Groesbeck, P.S.
Attorney and Counselor
1716 Sylvester St. SW
Olympia, Washington 98501
(509) 747-2800

requires AWS to provide Parler with a thirty-day notice before terminating service, rather than the less than thirty-hour notice AWS actually provided. Finally, AWS is committing intentional interference with prospective economic advantage given the millions of users expected to sign up in the near future. (Compl. ¶ 5.)

7.      This emergency motion seeks a Temporary Restraining Order against Defendant Amazon Web Services to prevent it from shutting down Parler's account at the end of today. Doing so is the equivalent of pulling the plug on a hospital patient on life support. It will kill Parler's business—at the very time it is set to skyrocket. (Compl. ¶ 6.)

## **MEMORANDUM IN SUPPORT**

To succeed on a motion for a temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under the *Winter* test, a party merits relief when it raises serious questions going to the merits of its case and a balance of hardships that tips

PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING
ORDER - 4



**David J. Groesbeck, P.S.**
Attorney and Counselor
1716 Sylvester St. SW
Olympia, Washington 98501
(509) 747-2800

sharply in its favor, provided it also makes a showing for the irreparable harm and public interest factors. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131. (9th Cir. 2011).

The plaintiff meets all four elements.

**1.     The plaintiff will suffer immediate, irreparable harm unless the order issues.**

To qualify for *ex parte* relief, Rule 65 requires a showing that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b)(1)(A). AWS has clearly indicated willingness to inflict such harm. First, and most obviously, because AWS has given Parler only a single day's notice of its intent to suspend Parler's account, the threatened harm to Parler could hardly be more immediate.

The threatened suspension will have the effect of rendering Parler, a social media service, entirely unable to function online, either on a web browser or an app on a mobile phone. (Compl. ¶¶ 13, 20-21, 23.) That alone would inflict "[i]rreparable harm … for which there is no adequate legal remedy." *Arizona Dream Act Coalition v. Brewer*, 757 F. 3d 1053, 1068 (9th Cir. 2014). First, by booting Parler from its servers, AWS will entirely frustrate Parler's mission to provide a privacy-focused forum for free speech. (Compl. ¶¶ 10, 25.) Parler's surging popularity in a crowded field of social and mainstream media shows that the company is satisfying an

PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING
ORDER - 5



David J. Groesbeck, P.S.
Attorney and Counselor
1716 Sylvester St. SW
Olympia, Washington 98501
(509) 747-2800

otherwise unmet demand for such a forum. (Compl. ¶¶ 2, 10, 25.) By shutting Parler down, AWS eviscerates Parler's whole corporate purpose and functionality, leaving Parler without a remedy.

Second, although Parler occupies a unique space in the market, it still competes with other microblogging services like Twitter to facilitate real-time discussions of breaking news and other contemporaneous events. (Compl. ¶¶ 1-2, 14, 17-19, 22, 24.) Losing all of its online capabilities will leave Parler entirely unable to compete with the offerings of those direct competitors, eliminating its relevance as a forum for discussion and driving millions of users, out of necessity, to those other platforms. (Compl. ¶ 24.) Because Parler's business model is not based on subscription fees, there is no adequate monetary remedy to measure and compensate for Parler's imminent loss of users and user loyalty. (Compl. ¶ 14.) There is nothing speculative about the likelihood of harms Parler will suffer absent preliminary relief. AWS has been quite forthright in publicizing when Parler will lose its account and, with it, Parler's ability to function at all. (Compl. ¶¶ 13, 21-22.) To lose all functionality, even temporarily, will inflict irreparable damage on Parler's free-speech mission, reputation, and competitive position in a fluctuating market. Given Parler's current dynamic growth, it would be too difficult to calculate money damages for these harms. Hence, the absence of an adequate legal remedy necessitates preventative, injunctive relief.

PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING
ORDER - 6



David J. Groesbeck, P.S.
Attorney and Counselor
1716 Sylvester St. SW
Olympia, Washington 98501
(509) 747-2800

**2. The threatened injury to the plaintiff far outweighs whatever damage, if any, the proposed order or injunction may cause the defendant.**

The defendant will suffer little to no inconvenience by being ordered to preserve the status quo. Indeed, when, after several rounds of productive discussions, AWS abruptly notified Parler that it would suspend the account, it made no mention of any harm that AWS itself might suffer by continuing to comply with its contractual obligations. By contrast, AWS's intended actions signify an existential threat to Parler. Weighing the inconvenience to AWS by continuing to host Parler against Parler's imminent loss of all ability to function as an online service and consequent damage to its entire business and mission, the balance of hardships tips sharply in favor of Parler. This element strongly favors the plaintiff.

**3. The order would serve the public interest.**

The public interest is served when service providers, whether they be online computing platforms or social media sites, fulfill their contractual obligations. The public interest in fair and robust market competition is also served when companies are prevented from construing the same contractual obligations inconsistently when applied to different customers who are direct market competitors. On the other hand, there is no public interest in allowing large, quasi-monopolies to coordinate in stifling smaller, disruptive innovators or to tortiously interfere with

PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING
ORDER - 7



**David J. Groesbeck, P.S.**
Attorney and Counselor
1716 Sylvester St. SW
Olympia, Washington 98501
(509) 747-2800

another's contracts and business expectations. The public interest element favors injunctive relief.

4. **There is a substantial likelihood that the plaintiffs will succeed on the merits of the underlying claims, or the case presents serious issues on the merits.**

The plaintiffs have sued the defendants on three causes of action that form the basis for this injunctive relief motion: Sherman Act violation, breach of contract, and tortious interference with a contract or business expectancy. The plaintiffs are likely to succeed on each of these claims, or they present serious issues on the merits.

    a.  *Sherman Act Violation.*

To prove a violation of Section 1 of the Sherman Act, Parler must show: (1) the existence of a conspiracy, (2) intention on the part of the co-conspirators to restrain trade, and (3) actual injury to competition." *Coalition For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501-02 (9th Cir. 2010). As stated in the Verified Complaint, AWS provides online hosting services to both Parler and Twitter, Parler's direct competitor. The complaint further shows that, by shutting down Parler for content comparable to that found in abundance on Twitter, AWS suppresses a smaller but surging microblogging company to the direct benefit of a larger one—a major customer of AWS—thereby reducing competition and severely

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 8



**David J. Groesbeck, P.S.**
Attorney and Counselor
1716 Sylvester St. SW
Olympia, Washington 98501
(509) 747-2800

restraining commerce on pretextual grounds. Parler therefore has shown a substantial likelihood of succeeding on this claim, and certainly presents serious issues on the merits.

### b.  *Breach of Contract*

Under Washington law, a claimant establishes breach of contract where he shows that "the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *See Northwest Independent Forest Mfrs. v. Dept. of Labor and Industries*, 78 Wn. App. 707, 712, 899 P.2d 6 (1995). Plaintiff meets all of these elements.

As stated in the Verified Complaint, the Agreement allows either party to terminate the Agreement "for cause if the other party is in material breach of this Agreement and the material breach remains uncured for a period of 30 days from receipts of notice by the other party." (Compl., Ex. B.) AWS brought its concerns to Parler on January 8, 2021 and, after approving Parler's curing of those concerns, nevertheless notified Parler on January 9 that it would suspend Parler's account on January 10. Although AWS used the term "suspension," its language about migrating Parler's data to other servers revealed AWS's intent to permanently terminate Parler's account without the requisite 30-day curing period. (Compl. ¶¶ 40-43.) Because AWS's threatened breach will entirely disrupt Parler's ability to function as an online microblogging service, and because even a temporary

PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING
ORDER - 9



**David J. Groesbeck, P.S.**
Attorney and Counselor
1716 Sylvester St. SW
Olympia, Washington 98501
(509) 747-2800

disruption will hurt Parler's mission, reputation, and competitive position in the microblogging market, Parler has shown both serious issues on the merits of this claim and a substantial likelihood of success.

        **c.**     *Tortious Interference with a Contract or Business Expectancy*

Finally, under Washington law Parler can establish tortious interference by showing "(1) the existence of a valid contractual relationship or business expectancy; (2) the defendant's knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) the defendant's interference for an improper purpose or by improper means; and (5) resulting damage." *Koch v. Mutual of Enumclaw Ins. Co.*, 108 Wn. App. 500, 506, 31 P.3d 698 (2001). The Verified Complaint shows that AWS is well aware that: Parler has millions of users under contract, expects to add millions more, and was about to go to the market to raise more capital. (Compl. ¶¶ 48-49.) Thus, when coupled with AWS's anti-competitive motives, pretextual reasons, and contractual breaches, Parler has demonstrated a substantial likelihood of success and serious issues on the merits.

///

///

PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING
ORDER - 10



**David J. Groesbeck, P.S.**
Attorney and Counselor
1716 Sylvester St. SW
Olympia, Washington 98501
(509) 747-2800

## CONCLUSION

For the foregoing reasons, the plaintiff requests that the Court grant it a temporary restraining order against the defendant as set forth herein. A proposed form of Temporary Restraining Order is submitted herewith.

Dated: January 10, 2021

                           Respectfully submitted,

/s David J. Groesbeck
WSBA No. 24749
DAVID J. GROESBECK, P.S.
1716 Sylvester St. SW
Olympia, WA  98501
(509) 747-2800
david@groesbecklaw.com

621 W. Mallon Ave., Suite 507
Spokane, WA 99201

*Counsel for Plaintiff*

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 11



**David J. Groesbeck, P.S.**
Attorney and Counselor
1716 Sylvester St. SW
Olympia, Washington 98501
(509) 747-2800