The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARLER LLC,

    Plaintiff,

v.

AMAZON WEB SERVICES, INC.,

    Defendant.

No. 21-cv-00031-BJR

DEFENDANT AMAZON WEB SERVICES, INC.'S MOTION TO SEAL

Pursuant to Local Civil Rule 5(g), Defendant Amazon Web Services, Inc. ("AWS") moves to seal limited portions of two concurrently filed employee declarations supporting its Opposition to Plaintiff Parler LLC's ("Parler") Motion for Temporary Restraining Order. AWS seeks to redact the names and job titles and descriptions from the declarations, identified on the docket as Amazon Executive 1 Decl. and Amazon Executive 2 Decl., and further described below.

Redaction of the employees' identifying information is necessary to protect their safety and security and to prevent potential harassment – which are sufficiently compelling interests to justify this minimal sealing. As set out in the declarations, these employees' safety concerns are well-founded in light of significant and repeated threats of physical violence against AWS, its facilities and its employees in the wake of AWS's decision to suspend its cloud hosting agreement with Parler. These incitements to violence against AWS and other technology

MOTION TO SEAL (No. 2:21-cv-00031-BJR) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

companies justify protecting the declarants from potential threats and online abuse if they are publicly identified in this matter.[1]

Unredacted copies of the two Declarations have been filed under seal. Given the serious nature of the safety risks, which include death threats leveled against Amazon executives, AWS <u>requests the opportunity to withdraw the two declarations from the record rather than unseal them</u> in the event this Motion to Seal is denied. *See* LCR 5(g)(6).

## I.   FACTS

The underlying facts are set out in AWS's Opposition to Parler's TRO Motion ("Opp."). In brief, AWS suspended Parler's cloud hosting account on January 10, 2021, due to violations of its contract with AWS – specifically, Parler's persistent failure to mitigate and address content on its site that encouraged and promoted violence. *See* Opp., § II.D.

The AWS Customer Agreement requires that Parler abide by defined "Policies," including rules that prohibit any use of AWS services "to transmit, store, display, distribute or otherwise make available" content that is "illegal" or "harmful," including "any activities that are illegal, that violate the rights of others, or that may be harmful to others." *See, e.g.*, Complaint (Dkt. No. 2), Ex. B. The agreement also specifies that, should Parler "become aware of any violation" of its "obligations under this Agreement caused by an End User," it must "immediately suspend access" to the content. *Id.* § 4.5.

Beginning in November 2020, AWS repeatedly made Parler aware of violent or threatening content that plainly breached the AWS Customer Agreement. The content AWS flagged included more than 100 representative "parleys" (posts) inciting violence. Some of these parleys targeted political leaders, including a large amount of content that encouraged the January 6 attack on the U.S. Capitol and threatened attacks on the impending inauguration. *See* Amazon Executive 2 Declaration ("AE-2 Decl.") ¶¶ 4-6, Exs. D, E. Others promoted violence

---

[1] Pursuant to LCR 5(g)(3)(A), undersigned counsel certifies that on January 11 and 12, 2021, AWS counsel, Ambika Doran, conferred by telephone with Parler's counsel, David Groesbeck, in an attempt to reach agreement on the sealing requested in this motion. The parties had not reached an agreement at the time of this filing.

MOTION TO SEAL  (No. 2:21-cv-00031-BJR) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

against technology executives, including one reading, "#JackDorsey … you will die a bloody death alongside Mark Suckerturd [Zuckerberg]. … It has been decided and plans are being put in place. Remember the photographs inside your home while you slept? Yes, that close. You will die a sudden death!" *Id.* Ex. E (Example 12). In the face of Parler's failure to address this content as required by the AWS Customer Agreement, AWS suspended Parler's account effective January 10. *See* AE-2 Decl. ¶ 7; Complaint (Dkt. No. 1) Ex. A.

After the notice of Parler's account suspension, Parler users posted threats of physical violence and death against Amazon delivery drivers, Amazon facilities, and Amazon executives. Some examples follow (*see* AE-1 Decl. ¶ 8 & Ex. F):



MOTION TO SEAL (No. 2:21-cv-00031-BJR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax





MOTION TO SEAL (No. 2:21-cv-00031-BJR) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax





See https://www.adl.org/blog/parler-users-prepare-for-site-shutdown-with-conspiracy-theories-threats.

Individuals unhappy with AWS' decision to suspend Parler also have "doxed" (posted personal information about) AWS's attorneys, including its litigation counsel in this matter. *See* Concurrently filed Declaration of Ambika Doran ("Doran Decl.") ¶ 14 & Ex. M.

Parler's TRO seeks to force AWS's to continue hosting death threats, calls to violence, and other content that plainly violates AWS's terms. AWS opposes the motion. Its Opposition is supported by declarations from two AWS employees. Amazon Executive 1 Decl. ("AE-1 Decl.") primarily addresses and refutes Parler's false characterizations about AWS's relationship with Twitter. Amazon Executive 2 Decl. ("AE-2 Decl.") primarily provides background on the AWS Customer Agreement and Parler's violation of the agreement due to its repeated failure to address violent and hateful content. Both employees are justifiably concerned for their safety as a result of the threats of physical violence that Parler users have directed to Amazon employees

MOTION TO SEAL (No. 2:21-cv-00031-BJR) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and facilities, and to employees of other companies that have suspended Parler.  AE-1 Decl. ¶ 10; AE-2 Decl. ¶ 8.

## II.  ARGUMENT

Public access to court records is presumed, but "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quotation mark and citation omitted).  Such "improper purposes" may include "the use of records to gratify private spite, promote public scandal, [or] circulate libelous statements[.]" *Tarutis v. Spectrum Brands, Inc.*, 2014 WL 5808749, at *3 (W.D. Wash. Nov. 7, 2014) (citing *Kamakana*, 447 F.3d at 1179).

Ultimately, "[t]he final determination of what constitutes a compelling reason is 'best left to the sound discretion of the trial court.'" *Central Freight Lines, Inc. v. Amazon Fulfillment Services, et al.*, 2019 WL 3082302, at *2 (W.D. Wash. 2019) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *accord Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Courts have found compelling reasons to seal where disclosure could endanger a person's safety or security.  *See e.g.*, *Flynt v. Lombardi*, 885 F.3d 508, 511-12 (8th Cir. 2018) ("personal and professional safety" of individuals, in circumstances where revealing their identities could lead to them being "harassed and threatened," justifies sealing records); *Goodman v. Las Vegas Metro. Police Dept.*, 2013 WL 5743638, at *3 (D. Nev. 2013) (sealing portions of police officer's deposition transcript to protect safety of officer and family); *Bell v. Home Depot U.S.A., Inc.*, 2015 WL 6082460, at *2 (E.D. Cal. 2015) (protecting against potential compromise of employee safety was compelling reason to seal records related to store security); *cf. United States v. Harris*, 890 F.3d 480, 491-92 (4th Cir. 2018) ("protecting the physical and

MOTION TO SEAL  (No. 2:21-cv-00031-BJR) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

psychological well-being of individuals related to the litigation" is compelling reason to restrict access).

Similar safety and security concerns justify the limited sealing requested here. AWS's declarants have a well-founded belief that disclosing their identities in connection with this litigation will trigger harassment and threats of physical violence, or worse. As noted above, angry Parler users have lashed out at technology companies, including by overtly threatening to kill Amazon employees, torch its delivery trucks, and seize AWS servers. *See* AE-2 Decl. ¶¶ 4-8, Exs. D-F. The distress such threats pose to the AWS declarants is itself a sufficiently compelling concern to justify redacting their names and titles. AE -1 Decl. ¶ 10; AE-2 Decl. ¶ 8. Moreover, the potential for such online threats to trigger actual violence cannot, in the current climate, be doubted; for example, as has been widely reported, Parler was used to incite, organize, and coordinate the January 6 attack on the U.S. Capitol, which left five people dead and shuttered Congress for hours. *See* Doran Decl. ¶¶ 7-9, Exs. F-H.

Additionally, the "compelling reasons" standard may be relaxed when sealing the information would not harm the public's interest in the judicial process. *See Marsteller v. MD Helicopter Inc.*, 2017 WL 5479927, at *3 (D. Ariz. 2017) ("In close cases involving some degree of conjecture, courts may still grant a motion to seal provided that sealing the document will not interfere with the public's interest in understanding the judicial process."). Here, the public's ability to understand the nature of these proceedings and the court's decision-making process will not be hampered by the limited redactions proposed here. AWS seeks to seal only the minimal information necessary to prevent its employees from becoming victims of serious threats and harassment. Only their names and positions would be redacted; all of the substance of the declarations will remain publicly accessible.

### III. CONCLUSION

For the foregoing reasons, the Court should seal the declarant names, signatures and job titles and descriptions contained in the Declarations of Amazon Executive 1 and Amazon Executive 2. Given the significant safety risks discussed above, AWS requests the opportunity

MOTION TO SEAL  (No. 2:21-cv-00031-BJR) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  to withdraw the declarations in the event the Court denies this Motion to Seal, as provided by

2  LCR 5(g)(6)).

3      DATED this 12th day of January, 2021.

                                            Davis Wright Tremaine LLP
                                            Attorneys for Amazon Web Services, Inc.

                                            By */s/ Ambika Kumar Doran*
                                                Ambika Kumar Doran, WSBA #38237
                                                920 Fifth Avenue, Suite 3300
                                                Seattle, WA 98104
                                                Telephone: 206-622-3150
                                                E-mail: ambikadoran@dwt.com

                                                Alonzo Wickers IV, Cal. State Bar #169454
                                                  *pro hac vice* application forthcoming
                                                865 S. Figueroa Street, Suite 2400
                                                Los Angeles, CA 90017
                                                Telephone: 213-633-6800
                                                E-mail: alonzowickers@dwt.com

MOTION TO SEAL (No. 2:21-cv-00031-BJR) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax