The Honorable Barbara J. Rothstein

David J. Groesbeck
WSBA No. 24749
David J. Groesbeck, P.S.
1333 E. Johns Prairie Rd.
Shelton, WA 98584
Tel.: 509-747-2800
Fax: 509-747-2828
Email: david@groesbecklaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| PARLER LLC,<br><br>                    Plaintiff,<br>       v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>                    Defendant | No. 2:21-cv-00031-BJR<br><br>**PLAINTIFF PARLER LLC'S MOTION TO SEAL**<br><br>**[WITHOUT ORAL ARGUMENT]** |

      Pursuant to Local Civil Rule 5(g), Plaintiff Parler LLC ("Parler") moves to seal limited portions of five filed exhibits, and one declaration from Parler CEO John Matze, Jr. supporting Parler's Reply to Defendant's Response to Parler's Motion for Temporary Restraining Order. Parler seeks to redact from the exhibits the names and identifying

MOTION TO SEAL - 1

information of employees of both Parler and Defendant Amazon Web Services, Inc. ("AWS" or "Amazon").

The Defendant's own Motion to Seal sets out "compelling" reasons why redaction is "necessary to protect [AWS employees'] safety and security and to prevent potential harassment." AWS Motion (Dkt. No. 15) at 2.

These reasons also apply to the Plaintiff's employees. As with AWS, Parler's company and employees have developed well-founded concerns for their safety and well-being as many of them have been harassed and threatened in the aftermath of both AWS's highly publicized rejection of Parler from its online hosting services and the instant lawsuit which followed. The open hostility directed at employees on both sides of this highly divisive dispute justifies an order protecting all such employees, other than those who choose to identify themselves, from the potential harassment, threats, and even potential danger that may result if their identifying information were to become public.[1]

Unredacted copies of the five exhibits and one declaration have therefore been filed under seal.

**FACTS**

As described in much greater detail in the pleadings, this suit arose from AWS's decision, late last week, to abruptly terminate its AWS Customer Agreement by which it had

---

[1] Pursuant to LCR 5(g)(3)(A), undersigned counsel certifies that on January 11 and 12, 2021, Parler's counsel, David Groesbeck, conferred by telephone with AWS's counsel, Ms. Ambika Doran, to attempt to reach agreement on this motion as well as Defendant's own motion to seal, which was granted by this Court on January 14, 2021. (Dkt. No. 15). Counsel did not reach a definitive agreement, but agreed in principle to redact information relating to employees of both Plaintiff and Defendant.

MOTION TO SEAL - 2

**David J. Groesbeck, P.S.**
Attorney and Counselor
1333 E. Johns Prairie Rd.
Shelton, Washington 98584
(509) 747-2800

contracted to provide online hosting services to Parler. Plaintiff's Verified Complaint ("Complaint") (Dkt. No. 1) ¶ 3. This decision was highly publicized, not only because it occurred in the wake of the Capitol Hill riot, but also because AWS both blamed the rift on supposed failures in Parler's already controversial content moderation policies, and aired the dispute in the court of public opinion by leaking its termination message to the media. *Id.* at ¶¶ 21, 28-29. As AWS recognizes in its own motion to seal, the social turmoil swirling around this dispute has sometimes been acute and troubling.

Although AWS's motion to seal focuses only on its own employees, Parler's employees have been similarly harassed and threatened. Parler's CEO, John Matze, Jr., reports in his declaration in support of Parler's TRO motion that many Parler employees are suffering harassment and hostility, fear for their safety and that of their families, and in some cases have fled their home state to escape persecution. Matze Decl. ¶ 19. Matze himself, as the CEO of the company AWS continues to vilify, has had to leave his home and go into hiding with his family after receiving death threats and invasive personal security breaches. *Id.*

Recognizing the highly charged nature of this public and polarizing dispute, Parler wishes to protect the privacy of those employees, whether of Parler or Amazon, whose names or personal information appear in documents on which Parler relies. Specifically, Parler seeks to place under seal:

- Declaration of John Matze, Jr., mentioning both an AWS employee and a Parler employee by name, and indicating his geographical location in the declaration's signature block

MOTION TO SEAL - 3



**David J. Groesbeck, P.S.**
Attorney and Counselor
1333 E. Johns Prairie Rd.
Shelton, Washington 98584
(509) 747-2800

- Exhibit A:  12/16/2020 email from an Amazon employee to Parler
- Exhibit D:  screenshot of a tweet from Ashli Babbitt's account
- Exhibit E: 9/3/2020 email from an Amazon employee to Matze
- Exhibit F: text messages between Matze and an Amazon employee
- Exhibit G: 1/6/2021 email between Amy Peikoff, Parler's Chief Policy Officer, and another Parler employee

Like most evidence, this declaration and these exhibits help to apportion responsibility and culpability in this litigation, and hence may pose a danger to those individuals whose personal information would otherwise be readily available in public filings in what is already highly publicized and divisive lawsuit. Parler therefore seeks to protect these individuals from unwanted and potentially dangerous harassment.

**ARGUMENT**

Because the public interest in disclosure and access to court records is not absolute, "sufficiently compelling reasons" may override that interest. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Although the trial court has discretion to determine compelling reasons, *Nixon v. Warner*, 435 U.S. 589, 598 (1978), protecting the safety and well-being of a person whose information might otherwise be disclosed has frequently been recognized as a reason sufficiently compelling as to override the presumption for disclosure. *See*, *e.g.*, *United States v. Harris*, 890 F.3d 480, 491-92 (4th Cir. 2018) (recognizing as a compelling reason the protection of the physical and psychological well-being of individuals involved in the litigation); *Flynt v. Lombardi*, 885 F.3d 508, 511-12 (8th

MOTION TO SEAL - 4

David J. Groesbeck, P.S.
Attorney and Counselor
1333 E. Johns Prairie Rd.
Shelton, Washington 98584
(509) 747-2800

Cir. 2018) (finding compelling reasons to protect individuals' identities to prevent threats to personal safety and harassment).

Both sides of this dispute have shown that their employees have suffered real harassment and threats—including, on both sides, death threats—owing to the charged nature of this litigation. Parler therefore agrees with AWS that safety and security concerns justify the limited sealings requested here. As AWS has already argued in its own motion, the public's interest in the judicial process will not be harmed by protecting the identifying information of company employees from being widely disseminated, especially because, aside from such information, the content of all the proffered exhibits and declarations remains intact.

## CONCLUSION

For the foregoing reasons, the Court should seal that identifying information that has been redacted in the exhibits and declaration listed above. Parler's Motion to Seal should be granted.

Dated: January 15, 2021.

Respectfully submitted,

/s David J. Groesbeck
WSBA No. 24749
DAVID J. GROESBECK, P.S.
1333 E. Johns Prairie Rd.
Shelton, WA  98584
(509) 747-2800
david@groesbecklaw.com

*Counsel for Plaintiff*

MOTION TO SEAL - 5



**David J. Groesbeck, P.S.**
Attorney and Counselor
1333 E. Johns Prairie Rd.
Shelton, Washington 98584
(509) 747-2800