David J. Groesbeck
WSBA No. 24749
David J. Groesbeck, P.S.
1333 E. Johns Prairie Rd.
Shelton, Washington 98584
Tel.: 509-747-2800
Fax: 509-747-2828
Email: david@groesbecklaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

| | |
|---|---|
| PARLER LLC, <br><br>　　　　　　Plaintiff, <br>　　v. <br><br> AMAZON WEB SERVICES, INC., <br><br>　　　　　　Defendant | No. 2:21-cv-00031-BJR <br><br> **<u>SUPPLEMENTAL DECLARATION OF JOHN MATZE</u>** |

MATZE SUPPLEMENTAL
DECLARATION - 1



**David J. Groesbeck, P.S.**
Attorney and Counselor
1333 E. Johns Prairie Rd.
Shelton, Washington 98584
(509) 747-2800

The undersigned declares as follows:

1. I am the CEO at Parler LLC. I am over the age of 18 years and have personal knowledge, and competence to testify if needed, of the matters set forth herein through firsthand knowledge and review of corporate documents kept in the ordinary course of business.

2. Parler does not have its own servers or the technical and security expertise to host the Parler environment on its own. Nor is it feasible for Parler to do so: Parler is not in the hardware or data center business. And therefore, Parler does not currently have the hardware or data security infrastructure necessary to create such a hosting environment. AWS is and has been aware of this, as we contracted with them and relied on them for these services.

3. Indeed, the hardware necessary to host the Parler environment alone would cost upwards of $6 million, and it would take weeks just for the hardware to arrive. Moreover, during exponential periods of growth, it is possible that the server requirements and additional hardware could take at least twice that amount of upfront investment, and twice the time to put the hardware in place and create the new hosting environment. Simply put, it would not be possible for Parler itself to acquire the necessary servers and related security infrastructure in a commercially reasonable time frame.

MATZE SUPPLEMENTAL
DECLARATION - 2

4. Parler, moreover, does not own a datacenter and does not even own or lease a building that can host our environment. Purchasing property large enough to house the Parler environment—with enough redundant power supplies and internet access—also could not be accomplished in a commercially viable timeframe.

5. Beyond just the infrastructure, before AWS cut off our service, AWS was also providing our cyber security and other necessary services such as Distributed Denial-of-Service (DDoS) protection. Because of the publicity generated by AWS, vendors associated with Parler received Distributed Denial-of-Service ("DDoS") attacks on such a large scale that our options for partnership were limited to just a few vendors—none of whom was willing to provide replacement service, especially on short notice.

6. During our discussions with AWS during the January 6-9 period, AWS initially communicated that something could be worked out to address AWS's concerns about enforcing community guidelines on our platform. But at the last minute, AWS even refused Parler's offer to use AWS's own artificial-intelligence (AI) system for Parler's community guideline enforcement. So as soon as we received notice from Amazon that nothing we could do would prevent AMW from terminating our service, Parler begin trying to find an alternative host provider. Parler reached out to at least six extremely large potential providers—all of which refused to host Parler for one of two reasons.

MATZE SUPPLEMENTAL
DECLARATION - 3



David J. Groesbeck, P.S.
Attorney and Counselor
1333 E. Johns Prairie Rd.
Shelton, Washington 98584
(509) 747-2800

First, either these potential providers were worried about another of what appeared to be an AWS-facilitated DDoS attack, or they believed AWS's publicly leaked allegations about Parler and refused to do business with us. Further, we cannot name these service providers in a public court filing to avoid liability or further ruin the potential for future collaborations.

7. AWS knew that Parler was moving to an AI-based system as early as mid-December 2020 because of our conversations with AWS employees. Further, AWS knew before they turned off our service that Parler's test of its own AI system had been promising and had eliminated the existing backlog of compliance issues.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 18, 2021 at .



John Matze

MATZE SUPPLEMENTAL DECLARATION - 4

David J. Groesbeck, P.S.
Attorney and Counselor
1333 E. Johns Prairie Rd.
Shelton, Washington 98584
(509) 747-2800